UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN PUPOVIC AND ISMET PUPOVIC,<br>    *Plaintiffs*,<br><br>    v.<br><br>DIAMOND TUCKER ST. PROPERTY, LLC, REDEMPTION, LLC, and WESTFAIR, LLC,<br>    *Defendants*. | No. 3:24-cv-1969 (VAB) |

**RULING AND ORDER ON PENDING MOTIONS**

On December 12, 2024, Diamond Tucker St. Property, LLC ("Diamond Tucker" or "Defendant") filed a notice of removal of this action in this Court from the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport. ECF No. 1 ("Notice of Removal"). Diamond Tucker's state court co-defendants, Redemption, LLC ("Redemption") and Westfair, LLC ("Westfair") consented to the removal. *Id.* at 1.

On January 6, 2025, Karen Pupovic and Ismet Pupovic (collectively the "Plaintiffs") filed a motion to remand this action back to state court, ECF No. 12 ("Mot."), along with an accompanying memorandum in support of that motion, ECF No. 13 ("Mem.").

For the following reasons, the Plaintiffs' motion to remand is **GRANTED** and this case is remanded back to the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport.

Accordingly, in light of the remand, all other pending motions, ECF Nos. 14, 15, 33, 35 are **DISMISSED**.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On November 28, 2023, Karen and Ismet Pupovic filed their Complaint in the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport suing Diamond Tucker St. Property, LLC, Redemption, LLC, and Westfair, LLC for claims of fraudulent transfer of real property. *See* Notice of Removal at 1.

On May 28, 2024, the Superior Court granted a motion for judgment on default as to Diamond Tucker and Westfair, LLC. *See* Complete State Court Pleadings, ECF No. 1-1 at 85 ("State Court Documents").

On July 8, 2024, the Superior Court granted a second motion for judgment on default as to Redemption. *See* State Court Documents at 95.

On October 22, 2024, the Superior Court published its entry of default judgment in favor of the Plaintiffs dated June 21, 2024. *See* State Court Documents at 123–24.

On December 12, 2024, Diamond Tucker filed a notice of removal in this Court based on diversity jurisdiction to which co-defendants Redemption and Westfair both consented. Notice of Removal.

On January 6, 2025, the Plaintiffs filed a motion to remand this case back to the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport, Mot., and an accompanying memorandum in support of that motion. Mem.

On January 27, 2025, the Defendants filed an objection to the motion to remand. Objection, ECF No. 25 ("Obj.").

On February 10, 2025, the Plaintiffs filed a reply to the Defendants' objection to the motion to remand. Reply, ECF No. 31 ("Reply").

On February 24, 2025, the Defendants filed a sur-reply to the Plaintiffs' reply to the objection to the motion to remand. Sur-Reply, ECF No. 34 ("Sur-Reply").

## II. STANDARD OF REVIEW

### A. Removal

The removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation omitted)). The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied. *See United Food & Com. Workers Union, Loc. 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."); *see also Cal. Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("'[T]he defendant bears the burden of demonstrating the propriety of removal.'" (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994))).

### B. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. U.S. Const., Art. III. In order for a court to exercise subject matter jurisdiction, either (1) the plaintiff must set forth a colorable claim arising under the U.S. Constitution or a federal statute, thus invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331; or (2) there must be complete diversity of

3

citizenship between the plaintiff and the defendant and the amount in controversy must exceed $75,000 under 28 U.S.C. § 1332. *See DaSilva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing the two categories of subject matter jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, where jurisdiction is lacking, dismissal is mandatory. *Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

### III. DISCUSSION

#### A. The *Rooker-Feldman* Doctrine

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). "The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment. Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998).

Specifically, the *Rooker-Feldman* doctrine "directs federal courts to abstain from considering claims when four requirements are met: (1) the [party] lost in state court, (2) the [party] complains of injuries caused by the state court judgment, (3) the [party] invites district court review of that judgment, and (4) the state court judgment was entered before the [party's] federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010).[1]

---

[1] The word "plaintiff" has been replaced by "party" because the Rook-Feldman doctrine applies to any "state court loser" not just plaintiffs. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

The Plaintiffs argue that this case should be remanded back to state court for three reasons: (1) Diamond Tucker was properly served with process in the state court action but failed to file for removal in this case under the thirty (30) day deadline laid out in 28 U.S.C. § 1446(b)(1), (2) there has been a final judgment in that action that bars removal, and (3) that Diamond Tucker has not provided enough information to support its claim of diversity jurisdiction. Mem. at 6–8.

In their objection, the Defendants argue that: (1) they were not properly served in the state court action and their notice of removal was timely, (2) there was no "final judgment" in the state court action that bars removal, and (3) they have properly pleaded diversity jurisdiction. *See* Obj. at 36–37.

Both the Plaintiffs' and the Defendants' arguments for and against removal depend—at least in part—on the validity of the service and the default judgment in the underlying state court action. *See generally* Mem.; Obj. Moreover, the Defendants are asking this Court to overturn the judgment entered against them in the state court action. *See* Mot. to Dismiss Default Judgment as Void, ECF No. 15 (Jan. 8, 2025) ("Mot. to Set Aside").

Because the Court lacks subject-matter jurisdiction to review the underlying state court action under the *Rooker-Feldman* doctrine and thus the case must be remanded on those grounds, however, the Court will not address the parties' other arguments for and against remand. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (holding that because the plaintiff's claims were barred under *Rooker-Feldman* when the plaintiff was "asking the federal court to determine whether the state judgment was wrongfully issued," the district

---

the district court proceedings commenced and inviting district court review and rejection of those judgments."); *see e.g.*, *24 Cap. Funding, LLC v. Peters Broad. Eng'g, Inc.*, No. 19-CV-4929 (NSR), 2019 WL 5294841, at *2 (S.D.N.Y. Oct. 18, 2019) ("Where a defendant has petitioned for removal from state court as the state-court loser, the *Rooker-Feldman* doctrine similarly applies.").

court should have remanded the case back to state court); *Lavigne v. Rodriguez*, No. 3:19-CV-1576 (VAB), 2020 WL 5749931, at *4–6 (D. Conn. Sept. 25, 2020) (citing *Vossbrink* and not considering other arguments for dismissal when claims were precluded under *Rooker-Feldman*)

In this case, the four requirements under *Rooker-Feldman* are easily met. The Defendants lost in state court by having a default judgment entered against them. *See* State Court Documents at 85, 95, 123–24 (showing the default judgment entered against the Defendants and for the Plaintiffs in the state court action). The Defendants are complaining about the injuries caused by the default judgment and asking the Court to review that default judgment. *See* Obj. at 25–28. And finally, the default judgments were entered before the Defendants removed this case to this Court. *Compare* State Court Documents at 85 (showing that the Superior Court granted the motion for judgment on default as to Diamond Tucker and Westfair on May 28, 2024), *id*. at 95 (showing that the Superior Court granted the motion for judgment on default as to Redemption on July 8, 2024), *and id.* at 123–24 (showing that the Superior Court published its entry of default judgment in favor of the Plaintiffs on October 22, 2024, but the entry of default is dated June 21, 2024) *with* Notice of Removal (filed December 12, 2024).

Since all of the *Rooker-Feldman* factors are met and the Defendants seek review of a state court decision in a lower federal court, the Court will remand this case back to the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport. *See e.g.*, *Swiatkowski v. New York*, 160 F. App'x 30, 31–32 (2d Cir. 2005) ("In any event, the District Court correctly held that the plaintiffs in removing their case sought impermissible review of a state court decision by an inferior federal court."); *Milton v. Ocwen Loan Servicing LLC*, No. 19CV05983CBAPK, 2021 WL 9569356, at *3 (E.D.N.Y. Jan. 29, 2021) ("If the *Rooker-Feldman* doctrine applies to claims previously removed from state to federal court, those claims must be remanded back to state

court rather than be dismissed.").[2]

B. Fees

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*

---

[2] The Court notes that there is disagreement within and between the Circuits as to whether the *Rooker-Feldman* doctrine applies to a case removed to federal court. *Compare Leavitt v. Sky Warrior Bahamas Ltd.*, No. CV 24-886 (RMB) (SAK), 2024 WL 4275052, at *4 (D.N.J. Sept. 24, 2024) (But when an action is properly removed from state court, the *Rooker-Feldman* doctrine doesn't apply. . . . Once an action is properly removed, the *Rooker-Feldman* doctrine does not stand in federal courts way to review a default judgment entered by a state court.") (citing cases from the Third, Fourth, Eighth, and Eleventh Circuits), *and Donel v. Greenbelt Res. Corp.*, No. 2:22-CV-07495-SVW-E, 2023 WL 4677023, at *1 (C.D. Cal. June 8, 2023) ("[O]ther Courts of Appeal have addressed the applicability of the [*Rooker-Feldman*] doctrine in these circumstances. Notably, the Tenth Circuit has held that 'proper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them. Thus, the *Rooker-Feldman* doctrine has no application to a properly removed case where, as here, there is no attack on a separate and final state-court judgment.'") (citing cases from the Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits), *with Baker v. Residential Funding Co., LLC*, 886 F. Supp. 2d 591, 596 (E.D. Mich. 2012) ("The defendant's argument that the [*Rooker-Feldman*] doctrine only applies to original federal actions is not well-taken. . . . The Sixth Circuit apparently has not had occasion to address the question of whether *Rooker–Feldman* applies to removed actions since *Exxon Mobil*. Moreover, other circuits routinely have applied *Rooker–Feldman* to removed actions since that decision, although some courts found that the doctrine does not apply for other reasons.") (citing Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit decisions).

The Second Circuit has not directly addressed this question; however, it has held that the *Rooker-Feldman* doctrine applies in removed cases before and so have other district courts within the Circuit. *See e.g.*, *Vossbrinck*, 773 F.3d at 427 ("[W]e agree with the district court that *Rooker–Feldman* bars such claims . . . Thus, to the extent the barred fraud claims originated in Vossbrinck's state—court complaint, the district court's judgment dismissing the claims should be vacated and those claims remanded to state court.") (holding that the *Rooker-Feldman* doctrine properly applied to a case removed from state court); *Swiatkowski*, 160 F. App'x at 31–32 ("In any event, the District Court correctly held that the plaintiffs in removing their case sought impermissible review of a state court decision by an inferior federal court. . . . As the [d]istrict [c]ourt correctly found, the *Rooker-Feldman* doctrine bars district courts from adjudicating claims, such as those of the Swiatkowskis, that are inextricably intertwined with state court determinations—claims that assert injuries based on a state judgment and seek review and reversal of that judgment.") (internal citations and quotation marks omitted); *Milton*, 2021 WL 9569356 at *3 ("If the *Rooker-Feldman* doctrine applies to claims previously removed from state to federal court, those claims must be remanded back to state court rather than be dismissed."); *In re Card*, No. 12-CV-114 ENV VVP, 2012 WL 382730, at *2 n.5 (E.D.N.Y. Feb. 6, 2012) ("Additionally, even if jurisdiction otherwise existed, the *Rooker-Feldman* doctrine would require a finding that subject matter jurisdiction is lacking because Card is essentially asking the Court to review an adverse state court judgment appointing a guardian made before she filed her notice of removal."); *OriginClear Inc. v. GTR Source*, LLC, No. 20-CV-7026-FPG, 2021 WL 5907878, at *4 (W.D.N.Y. Dec. 14, 2021) ("Nevertheless, a 'defendant may not defeat [a] claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction.' The proper course, therefore, is to remand this claim back to the state court, rather than dismiss it outright.") (quoting *Vossbrink*). Therefore, this Court will follow the trend in this Circuit and hold that the *Rooker-Feldman* doctrine does apply to removals.

*Corp.*, 546 U.S. 132, 141 (2005). "District courts have considerable discretion and flexibility to fashion awards of costs and fees to deter removals sought for an improper purpose." *Connecticut v. McGraw Hill Companies, Inc.*, No. 3:13-CV-311 (SRU), 2013 WL 1759864, at *5 (D. Conn. Apr. 24, 2013) (citing *Martin*, 546 U.S. at 140).

The Plaintiffs argue that they are entitled to fees and costs because "[t]here is no objective reasonable basis supporting DTS's efforts in December 2024 to remove a case after a final judgment effective June 21, 2024, as removal is only available to pending State Court cases[,]" Mem. at 8, and they further seek "seek entry of an Order requiring the Defendant to pay their legal fees and costs relating to their efforts to have the case remanded back to the Superior Court." Mem. at 9.

In objection, the Defendants argue that the request for attorney's fees should be denied based on all the arguments raised in their objection. *See* Obj. at 37.

The Court agrees.

Here, removal did not lack an objectively reasonable basis, given the arguments in defense of removal in their objection. *See* Obj.; *see e.g.*, *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (finding that the removing defendants "were not objectively unreasonable" when they relied on district court cases supporting their removal on a novel legal issue). Indeed, while the Defendants did not mention *Rooker-Feldman* in their briefing, the issue of whether *Rooker-Feldman* applies to removal cases also weighs against an award of fees. *See e.g.*, *Speranza v. Leonard*, No. 3:12-CV-00403 VLB, 2013 WL 3936907, at *3 (D. Conn. July 30, 2013) ("While the Court believes that the weight of the current case law does not fall in [d]efendants' favor . . . the Court declines to award fees and costs in the absence of binding precedent . . .") (citing *Williams*, 416 F. App'x at 99 (2d Cir.2011) ("[I]f clearly established law

did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and "[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established.").

Accordingly, no fees or costs will be awarded.

### IV.     CONCLUSION

For the forgoing reasons, the Plaintiffs' motion to remand is **GRANTED** and this case is remanded back to the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport.

Accordingly, in light of the remand, all other pending motions, ECF Nos. 14, 15, 33, 35 are **DISMISSED** as moot.

**SO ORDERED** at New Haven, Connecticut, this 16th day of May, 2025.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE